UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

06 CV 15486

Judge Pauley

DOMINGO LEMUS,

Plaintiff,

- against -

**MANHATTAN CAR WASH, INC.,** doing business as Manhattan Car Wash, **TENTH AVENUE BRUSHLESS CAR WASH, MR. PAT,** individually and doing business as Tenth Avenue Brushless Car Wash and Manhattan Car Wash, and **Mr. LEE**, individually and doing business as Tenth Avenue Brushless Car Wash and Manhattan Car Wash,

Defendants.

**COMPLAINT**

RECEIVED
DEC 27 2006
U.S.D.C. S.D N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1. This action seeks redress for serious transgressions of the federal Fair Labor Standards Act (FLSA) and the New York Wages and Hours Law. In a fundamental breach of these statutory obligations, defendants paid plaintiff Domingo Lemus ("plaintiff") substantially less than the minimum wage, failed to pay plaintiff overtime compensation for work that occurred before plaintiff's termination, and failed to pay plaintiff an additional hour of "spread of hours" pay at minimum wage for every day in which plaintiff worked more than ten hours.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, pursuant to 28 U.S.C. § 1331, because these claims arise under a statute of the United States.

3. The court has supplemental jurisdiction over plaintiff's claims under the New York

Minimum Wage Act, N.Y. Labor Law § 650 *et seq*., pursuant to 28 U.S.C. § 1367 because these claims are so closely related to plaintiff's claims under the Fair Labor Standards Act that they form parts of the same case or controversy under Article III of the United States Constitution.

4. Pursuant to § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), plaintiff has consented in writing to becoming a party to this lawsuit. Plaintiff's written consent to be part of this action is attached hereto and is incorporated by reference.

5. Venue is vested in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

**PARTIES**

6. Plaintiff Domingo Lemus was employed by defendants at their car wash at 235 10th Avenue in Manhattan, New York.

7. Defendants Manhattan Car Wash, Inc., Tenth Avenue Brushless Car Wash, Mr. Pat and Mr. Lee, employed plaintiff at their car wash at 235 10th Avenue in Manhattan, New York.

**FACTUAL ALLEGATIONS**

8. Plaintiff Domingo Lemus worked for many years at the car wash at 235 10th Avenue in Manhattan. Upon information and belief, the car wash was sold to Mr. Pat and Mr. Lee in or about November 2000. At that time, it was named Tenth Avenue Brushless Car Wash. Its name was changed to Manhattan Car Wash in or about 2002. A certificate of incorporation for Manhattan Car Wash, Inc. was filed on February 27, 2002. Mr. Lemus was fired on December 27, 2005.

9. At all times during his employment at the car wash, Mr. Lemus was paid in cash with no statements or receipts. Upon information and belief, no records were maintained of his work hours or pay.

10. Mr. Lemus worked at the car wash cleaning cars for six days a week, at a rate of $288 per week for 72 hours per week. During this period, plaintiff had an effective wage rate of $4.00 per hour. He received no additional compensation for overtime worked. He worked from 6 a.m. until 6 p.m., Tuesday through Sunday with no days off.

11. The employees at the car wash pooled their tips, but the manager would take money from the tip pool to pay dissatisfied customers, for example, if a mirror was broken. Upon information and belief, the car wash did not maintain records of the tips that were collected or shared.

12. In December 2005, Mr. Lemus fell ill with bronchitis and went to the hospital. On December 27, 2005, he was called and told not to come back.

13. Defendants' failure to pay plaintiff the minimum wage and overtime pay was willful and in bad faith. Defendants had no reasonable grounds for believing that their failure to pay the minimum wage and overtime pay was consistent with the Fair Labor Standards Act or the New York State Minimum Wages Act.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF: VIOLATION OF THE FAIR LABOR STANDARDS ACT

14. Upon information and belief, defendant was at all relevant times an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act ("FLSA").

15. Section 6(a) of the FLSA, 29 U.S.C. § 206(a), provides that any employee employed in an enterprise engaged in commerce shall be paid wages at a rate not less than $5.15 per hour.

16. Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that no employer engaged in commerce shall employ an employee for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed.

17. Section 16 of the FLSA, 29 U.S.C. § 216(b), provides that any employer who violates the provisions of 29 U.S.C. §§ 206 or 207 shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

18. The United States Department of Labor calculates unpaid wages and overtime compensation for employees, like plaintiff, who are paid by the week, by dividing the number of hours worked for each week by the amount of pay for that week. If that figure is less than the minimum wage of $5.15, the employee is owed the difference for all hours up to 40 per week. If the employee worked more than 40 hours per week, the employee is also owed one and one-half times the weekly wage (or times the minimum wage, if the weekly wage is less than the minimum wage) for all hours above 40 per week. Additional liquidated damages are due in an amount equal to the total unpaid minimum wages and unpaid overtime compensation.

19. Defendant's failure to pay plaintiff the federal minimum wage and overtime pay violated the Fair Labor Standards Act.

**SECOND CLAIM FOR RELIEF:**

## NEW YORK STATE MINIMUM WAGES AND OVERTIME

20. Plaintiff repeats and re-alleges paragraphs 1 through 18.

21. The New York State Minimum Wage Act provides that, effective March 31, 2000 through December 31, 2004, every employer shall pay to each of its employees for each hour worked a wage of not less than $5.15 (or any greater amount as may be established by the FLSA) and that beginning January 1, 2005, every employer shall pay to each of its employees for each hour worked a wage of not less than $6.00 (or any greater amount as may be established by the FLSA). N.Y. Labor Law § 652(1).

22. Pursuant to regulations issued by the State Commissioner of Labor, an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in the FLSA. 12 N.Y.C.R.R. § 142-2.2.

23. Pursuant to N.Y. Labor Law §§ 198.1-a and 663, an employer who willfully fails to pay wages and overtime required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to twenty-five percent of the total of such under-payments found to be due him.

24. Defendant's failure to pay plaintiff the federal minimum wage and overtime pay violated the New York Labor Law.

## THIRD CLAIM FOR RELIEF:
## NEW YORK STATE SPREAD OF HOURS

25. Plaintiff repeats and re-alleges paragraphs 1 through 23.

26. Defendants failed to pay plaintiff an extra hour's pay at minimum wage for every day that plaintiff worked in excess of ten hours, in violation of New York Labor Law §§ 190, *et*

*seq.*, and 650, *et seq.*, and New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142-2.4.

27. Plaintiff is entitled to an award of an extra hour's pay for every day that plaintiff worked in excess of ten hours, in an amount to be determined at trial, pursuant to New York Labor Law §§ 190, *et seq.*, and 650, *et seq.*, and New York State Department of Labor regulations, 12 N.Y.C.RR. § 142-2.4.

**FOURTH CLAIM FOR RELIEF:**
**RETENTION OF GRATUITIES**

28. Plaintiff repeats and re-alleges paragraphs 1 through 27.

29. Defendants' practice of collecting the tips given to plaintiff and other workers involuntarily and taking amounts for himself and his secretary violated New York Labor Law § 196-d and was illegal conversion of the property of plaintiff and his co-workers.

**FIFTH CLAIM FOR RELIEF:**
**MAINTENANCE OF EMPLOYMENT RECORDS**

30. Plaintiff repeats and re-alleges paragraphs 1 through 29.

31. Upon information and belief, defendants intentionally failed to maintain adequate and accurate written records for the hours worked and wages earned by plaintiff in order to facilitate their exploitation of plaintiff's labor.

32. Defendants' knowing and intentional acts constitute a violation of 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2.

33. Defendants' knowing and intentional acts constitute a violation of N.Y. Lab. Law § 195(4) and 12 N.Y.C.R.R. § 142-2.6.

34. As a result of the foregoing, plaintiff has been injured, and defendants have

profited thereby, in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands judgment:

1. Awarding unpaid wages, including minimum wage, plus liquidated damages and/or interest thereon, pursuant to 29 U.S.C. §§ 206, 216(b); New York Labor Law §§ 190, *et seq*, 198, 652(1), 663; and 12 N.Y.C.RR. § 142-2.4;

2. Awarding overtime pay and spread-of-hours pay, plus liquidated damages and/or interest thereon, pursuant to 29 U.S.C. §§ 207, 216(b); New York Labor Law §§ 190, *et seq*, 198, 652(1), 650, 663; and 12 N.Y.C.RR. § 142-2.4;

3. Awarding pre-judgment interest;

4. Awarding reasonable attorney's fees, costs, and expenses pursuant to 29 U.S.C. § 216(b); and New York Labor Law §§ 198, 663;

5. Declaring that defendants' collection and retention of tips constituted illegal conversion and a violation of York Labor Law § 196-d.

6. Awarding damages in an amount to be proven at trial for defendants' collection and retention of tips.

7. Declaring that defendants' failure to maintain adequate records is a violation of 29 U.S.C. §§ 211(c), 215(a)(5); 29 C.F.R. § 516.2; New York Labor Law § 195(4); and 12 N.Y.C.R.R. § 142-2.6.

8. Awarding damages in an amount to be proven at trial for defendants' failure to maintain adequate records;

9. Awarding such other and further relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
December 15, 2006

By: [signature]

CHRISTOPHER D. LAMB
(CL 8145)
Attorney-in-Charge
Employment Law Project
THE LEGAL AID SOCIETY
Richard Blum, Esq., of counsel
(REB 0533)
199 Water Street
New York, New York 10038
(212) 577-3648

## SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

I, Domingo Lemus, hereby consent to be a plaintiff in a lawsuit pursuant to Section 216(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
November 14, 2006

DOMINGO LEMUS

Sworn to before me this 14th
day of November, 2006

NOTARY PUBLIC

RICHARD E. BLUM
NOTARY PUBLIC, State of New York
No. 24-4975295
Qualified in Kings County
Commission Expires December 3, 2006

## AFFIRMATION OF TRANSLATION

I, Richard Blum, certify that I am fluent in both Spanish and English and that I have correctly and accurately translated this document from English to Spanish, and that the plaintiff, Domingo Lemus, has assured me that he understands this document.

Dated: New York, New York
November 14, 2006

RICHARD BLUM