

**THE LEGAL AID SOCIETY**

The Legal Aid Society
Civil Practice Law Reform Unit
199 Water Street
New York, NY 10038
T (212) 577-3300
www.legal-aid.org

Direct Dial: (212) 577-3325
Direct Fax: (646) 616-9414
E-mail: SRosenberg@legal-aid.org

Theodore A. Levine
*President*

Steven Banks
*Attorney-in-Chief*

Adriene L. Holder
*Attorney-in-Charge*
Civil Practice

Scott Rosenberg
*Attorney-in-Charge*
Law Reform

BY FACSIMILE (212) 805-7928

May 18, 2009

Honorable Michael H. Dolinger
United States District Court
Southern District of New York
500 Pearl Street, Room 1670
New York, New York 10007-1312

    Re:    *Lemus v. Manhattan Car Wash, Inc., et al.*,
            06 CV 15486 (MHD)

**Dear Magistrate Judge Dolinger:**

    In anticipation of tomorrow's conference in this matter at 2:00 p.m., and with the hope that we can make the matter proceed as efficiently as possible, I write to apprise the Court of the relief the plaintiff intends to seek and to supply information the Court will need for the conference. Counsel who has been appearing for the plaintiff, Richard Blum, is currently on a brief leave of absence; I will appear in this matter during his absence.

    This action was dismissed on Feb. 19 pursuant to a Stipulation and Order of Settlement and Dismissal, which incorporates by reference a Settlement Agreement. Copies of the Order and Settlement Agreement are attached as exhibits for the Court's reference. The Settlement Agreement called for payment to the plaintiff of $40,000 within 15 business days following full execution of the agreement, which was completed on March 16. Although the final date for full payment expired on April 6 – six weeks ago – only $20,000 has been paid by two of the three defendants. Numerous communications by Mr. Blum to defendants' counsel have failed to resolve the defendants' failure to pay the remaining $20,000.

    The defendants' failure to make full and timely payment triggers several consequences relevant to tomorrow's conference. First, the agreement provides (¶ 2(b)) that if the defendants fail to pay the full settlement sum within the required time frame, the defendants consent to vacatur of the dismissal and restoration of the matter to this Court's calendar for all purposes. In the event the plaintiff moves for such vacatur and restoration, the defendants are required to "join in and support the motion."

    Second, the agreement provides (¶ 7(f)) that if any party fails to perform an obligation under the agreement, a cause of action for enforcement of such obligation shall arise in any court of competent jurisdiction. Because this Court is such a court of competent jurisdiction, the agreement is enforceable in this Court upon vacatur of the dismissal and restoration of the action.

    Third, the agreement makes the defendants jointly and severally liable for payment of the full $40,000. Separate liabilities are not specified for each defendant. Therefore,

Honorable Michael H. Dolinger                                        May 18, 2009
                                                                        Page 2

upon restoration of the action, the agreement is fully enforceable against the two defendants who have contributed to the settlement sum, as well as against the third defendant who has not.

Accordingly, unless full payment is made under the agreement, the plaintiff intends to move the Court for restoration of the matter to the Court's calendar, with the required consent of all parties. Upon restoration of the action, the plaintiff will move for entry of judgment for the remaining balance due against all defendants under the terms of the Settlement Agreement.

                                          Respectfully submitted,

                                          Scott A. Rosenberg
                                          Attorney-in-Charge, Law Reform

Enclosures

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
DOMINGO LEMUS,

                                    Plaintiff,    06 CV 15486 (MHD)

- against -

MANHATTAN CAR WASH, INC., doing business as
Manhattan Car Wash, TENTH AVENUE BRUSHLESS
CAR WASH, JONAH PARK, individually and doing business as
Tenth Avenue Brushless Car Wash and Manhattan
Car Wash, and YOUN DONG LEE, individually and doing business as
Tenth Avenue Brushless Car Wash and Manhattan Car Wash,

                                    Defendants.
----------------------------------------X

FILED: 2/19/09
FEB 19 2009

## STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and the terms of the parties' settlement agreement which are incorporated into this Order by reference, the captioned action, which includes claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., is hereby settled and dismissed with prejudice. The parties are to bear their own costs.

By: _____
Richard Blum (REB 0533)

STEVEN BANKS
Attorney in Chief
ADRIENE HOLDER
Attorney in Charge, Civil Practice
THE LEGAL AID SOCIETY
Employment Law Project
Richard Blum, of counsel
199 Water Street, 3rd Floor
New York, NY 10038
(212) 577-3648
Attorneys for Plaintiff Domingo Lemus

Dated: 2/19/09

By: *[signature]*
Keith Reinfeld, Esq. (KR 0102)

Fox Rothschild
75 Eisenhower Parkway
Roseland, NJ 07068
(973) 994-7547
Attorneys for Defendant Manhattan Car Wash, Inc.

Dated: 2/17/09

By: *[signature]*
James Greenberg, Esq. (JKG 7301)

Greenberg and Greenberg, LLP
363 Seventh Avenue, Suite 400
New York, NY 10001
(212) 545-7337
Attorneys for Defendant Jonah Park

Dated: 2/17/09

By: *[signature]*
Daniel D. Kim, Esq. (DK 0077)

Law Offices of Daniel D. Kim
170 Broadway, Suite 600
New York, NY 10038
(212) 643-0090
Attorneys for Defendant Yuon Dong Lee

Dated:

SO ORDERED: 2/19/09

*[signature]*

MICHAEL H. DOLINGER, U.S.M.J.            Date

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

DOMINGO LEMUS,

                         06 CV 15486 (MHD)

        Plaintiff,

    - against -

MANHATTAN CAR WASH, INC., doing business as

Manhattan Car Wash, TENTH AVENUE BRUSHLESS

      CAR WASH, JONAH PARK, individually and doing business as

Tenth Avenue Brushless Car Wash and Manhattan

Car Wash, and YOUN DONG LEE, individually and doing business as

Tenth Avenue Brushless Car Wash and Manhattan Car Wash,

        Defendants.

------------------------------------------------------------X

## SETTLEMENT AGREEMENT

This Agreement is made in settlement of all claims by Domingo Lemus ("Lemus") against Manhattan Car Wash, Inc., Jonah Park, and Youn Dong Lee, and Tenth Avenue Brushless Car Wash (collectively, the "Defendants").

**WHEREAS**, Lemus commenced an action in the United States District Court for the Southern District of New York entitled <u>Domingo Lemus v. Manhattan Car Wash, Inc., Tenth Avenue Brushless Car Wash, Jonah Park, and Youn Dong Lee</u>, 06 Civ. 15486 (MHD) (the "Action") in which Lemus claims that he is due monies as a result of having worked overtime, having worked more than ten hours in a day, and for having received less than the minimum wage;

**WHEREAS**, the Defendants deny that they owe Lemus any monies; and

**WHEREAS**, the parties desire to resolve Lemus's claim for overtime pay, minimum wage, and all other claims by Lemus against the Defendants;

**NOW, THEREFORE**, in consideration of the mutual covenants contained herein, the parties agree as follows:

1. **Settlement of the Action**

The parties agree that subject to the terms of paragraph 2 below, the Action shall be dismissed

upon the signature of Honorable Magistrate Judge Michael Dolinger on the Stipulation and Order of Settlement and Dismissal in the form annexed hereto. The Stipulation and Order of Settlement and Dismissal shall be executed contemporaneously with this Agreement by Plaintiff and shall be filed with the court by Plaintiff's counsel.

## 2. Payment To Lemus

a. Defendants will pay the sum of forty thousand dollars ($40,000.00) (the "settlement sum") to Lemus within fifteen business days following the later of (i) the full execution of this Agreement, and (ii) the receipt by Defendants' counsel of the Stipulation and Order of Settlement and Dismissal signed by Magistrate Judge Dolinger.

b. In the event Defendants fails to pay the settlement sum within the time frame required in paragraph 2(a), Defendants consent to the vacatur of the dismissal and restoration of this matter to the District Court calendar for all purposes. In the event Lemus moves the District Court for such vacatur and restoration after a failure by Defendants to make a timely settlement payment, Defendants shall join in and support the motion to vacate and restore the matter to the District Court calendar.

c. Lemus agrees that upon full payment of the settlement sum, such full payment shall satisfy any and all claims, including without limitation claims for wages, liquidated damages, and attorneys' fees, that were, are, or could have been made by Lemus against any and all of the Defendants.

## 3. Mutual Releases

a. Lemus, for and in consideration of full payment of the settlement described herein, hereby for himself, his family and heirs, executors and administrators, releases and forever discharges Defendants, their corporate affiliates, divisions, subsidiaries, successors and assigns, and any current or former officer, director, shareholder, employee, agent, and attorney thereof (individually and collectively, the "Releasees"), from any and all manner of action, claims, suits, causes of action, debts, sums of money, contracts, controversies, agreements, promises, damages, judgments and demands whatsoever, in law or in equity (all hereinafter "claims"), known or unknown, fixed or contingent, suspected or asserted, which against the Releasees Lemus ever had or now has by reason of any matter, cause or thing whatsoever, including without limitation any claims arising from or relating to his performance of services for the Defendants; the way in which he was paid in connection with his performance of services for Defendants; and/or anything done or said during the course of the Action or the negotiation of this Agreement, including claims arising out of costs, expenses, and fees, including attorneys' fees, in connection with these matters.

b. Defendants hereby release and discharge Lemus and his successors and assigns from any and all claims of every kind, whether known or unknown, based upon any fact or matter occurring prior to Defendants' execution of this stipulation. This general release extends to all claims including, but not limited to, all claims under common law, statute, regulation, or ordinance. The parties intend this release of claims to be broadly construed so as to resolve any and all disputes arising out of Lemus's association with the Defendants. If Defendants commence any legal action in violation of this paragraph, Plaintiff shall be entitled to assert this stipulation as a bar to such action.

## 4. Disclaimer Of Liability

By entering into this Agreement, the Defendants do not admit any liability or wrongdoing whatsoever, and expressly deny the same; it is expressly understood and agreed that this Agreement is being entered into by the parties solely for the purpose of settling all of Lemus's claims against the Releasees.

### 5. Confidentiality and Non-disclosure Agreement

a. Lemus agrees that, provided full payment is made of the settlement sum as required by paragraph 2, he will not disclose the fact or terms of this Agreement to any person except as permitted below. This agreement as to confidentiality shall be enforceable in any court of competent jurisdiction. This provision shall not apply to any disclosure made by Lemus to members of his immediate family, his attorneys, tax advisors, or under compulsion of legal process or as otherwise required by law. Lemus agrees to instruct any person or entity to whom any disclosure is made under this paragraph to maintain the strict confidentiality thereof.

b. Lemus agrees that, provided full payment is made of the settlement sum as required by paragraph 2, he will not voluntarily discuss with any current or former employee of Defendants or with any attorney or representative thereof, his wage claims against Defendants, or any claims that such current or former employee has or may want to bring against Defendants, except pursuant to subpoena or other legal process.

c. The parties agree that they shall provide notices of all requests and demands for disclosure to their counsel in writing, served by personal hand delivery or fax, within five (5) days of receipt of such requests or demands.

### 6. Neutral Reference

Defendants agree that in response to any inquiries regarding Lemus's association with Defendants, they will respond by stating only that Lemus was an employee of the car wash at 235 Tenth Avenue in Manhattan from about 1998 to December 2005.

### 7. General Provisions

a. This is the parties' entire agreement and it may not be modified except by a mutually signed written agreement. This Agreement shall be construed and enforced in accordance with the laws of the State of New York.

b. Lemus acknowledges the following: (i) he has been read and fully understands the terms of this Agreement; (ii) he has been advised in writing to discuss this Agreement with his attorney, and has had the opportunity to do so; (iii) he has agreed to this Agreement knowingly and voluntarily and was not subjected to any undue influence in agreeing to its terms; and (iv) he was given a reasonable period of time during which to consider this Agreement.

c. Defendants (through the signatories below) acknowledge the following: (i) each has read and fully understands the terms of this Agreement; (ii) he has been advised in writing to discuss this Agreement with his attorney, and has had the opportunity to do so; (iii) he has agreed to this Agreement knowingly and voluntarily and was not subjected to any undue influence in agreeing to its terms; and (iv) he was given a reasonable period of time during which to consider this Agreement.

d. Lemus acknowledges that upon receipt of full payment of the settlement sum, he will have been paid and received all compensation, wages, bonuses, commissions and/or benefits due to him from the Defendants.

e. The terms and provisions of this Agreement are acknowledged by the parties to be required for the reasonable protection of the other. If any of the provisions, terms, clauses, or

waivers or releases of claims or rights contained in this Agreement are declared unlawful, unenforceable, or ineffective in a legal forum of competent jurisdiction, then such provisions, terms, clauses, or waivers or releases of claims or rights shall be deemed severable, such that all other provisions, terms, clauses, and waivers and releases of claims or rights contained in this Agreement shall remain valid and binding upon the parties.

f. In addition to any other remedy set forth herein, if any party fails to perform an obligation under this Agreement, a cause of action for the enforcement of such obligation may be deemed to arise within the jurisdiction of the Supreme Court of the State of New York, County of New York, and in addition within the jurisdiction of any other court of competent subject matter jurisdiction where personal jurisdiction over such party may be exercised.

_____    03/13/09
DOMINGO LEMUS                      Date

MANHATTAN CAR WASH, INC.

By:_____

MYUNG S. HAN       Date

_____    2/16/09
JONAH PARK                         Date

_____    3/12/09
YOUN DONG LEE                      Date


**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X

**DOMINGO LEMUS,**

06 CV 15486 (MHD)

Plaintiff,

- against -

MANHATTAN CAR WASH, INC., doing business as

Manhattan Car Wash, TENTH AVENUE BRUSHLESS

CAR WASH, JONAH PARK, individually and doing business as

Tenth Avenue Brushless Car Wash and Manhattan

Car Wash, and YOUN DONG LEE, individually and doing business as

Tenth Avenue Brushless Car Wash and Manhattan Car Wash,

Defendants.

----------------------------------------X

## STIPULATION AND ORDER OF SETTLEMENT and dismissal

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and the terms of the parties' settlement agreement which are incorporated into this Order by reference, the captioned action, which includes claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, is

hereby settled and dismissed with prejudice. The parties are to bear their own costs.

By: _____

　Richard Blum (REB 0533)

STEVEN BANKS

Attorney in Chief

ADRIENE HOLDER

Attorney in Charge, Civil Practice

THE LEGAL AID SOCIETY

Employment Law Project

Richard Blum, of counsel

199 Water Street, 3rd Floor

New York, NY 10038

(212) 577-3648

Attorneys for Plaintiff Domingo Lemus

Dated:

By: _____

    Keith Reinfeld, Esq. (KR 0102)

    Fox Rothschild

    75 Eisenhower Parkway

    Roseland, NJ 07068

    (973) 994-7547

    Attorneys for Defendant Manhattan Car Wash, Inc.

    Dated:

By: _____

    James Greenberg, Esq. (JKG 7301)

    Greenberg and Greenberg, LLP

    363 Seventh Avenue, Suite 400

    New York, NY 10001

    (212) 545-7337

    Attorneys for Defendant Jonah Park

Dated:

By: _____

    Daniel D. Kim, Esq. (DK 0077)

    Law Offices of Daniel D. Kim

    170 Broadway, Suite 600

    New York, NY 10038

    (212) 643-0090

    Attorneys for Defendant Youn Dong Lee

Dated:

SO ORDERED:

_____

MICHAEL H. DOLINGER, U.S.M.J.  Date

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DOMINGO LEMUS,

                                                                           06 CV 15486 (MHD)

                          Plaintiff,

            - against -

MANHATTAN CAR WASH, INC., doing business as
Manhattan Car Wash, TENTH AVENUE BRUSHLESS
CAR WASH, JONAH PARK, individually and doing business as
Tenth Avenue Brushless Car Wash and Manhattan
Car Wash, and YOUN DONG LEE, individually and doing business as
Tenth Avenue Brushless Car Wash and Manhattan Car Wash,

                          Defendants.
-----------------------------------------------------------X

## SETTLEMENT AGREEMENT

This Agreement is made in settlement of all claims by Domingo Lemus ("Lemus") against Manhattan Car Wash, Inc., Jonah Park, and Youn Dong Lee, and Tenth Avenue Brushless Car Wash (collectively, the "Defendants").

**WHEREAS**, Lemus commenced an action in the United States District Court for the Southern District of New York entitled <u>Domingo Lemus v. Manhattan Car Wash, Inc., Tenth Avenue Brushless Car Wash, Jonah Park, and Youn Dong Lee</u>, 06 Civ. 15486 (MHD) (the "Action") in which Lemus claims that he is due monies as a result of having worked overtime, having worked more than ten hours in a day, and for having received less than the minimum wage;

**WHEREAS**, the Defendants deny that they owe Lemus any monies; and

**WHEREAS**, the parties desire to resolve Lemus's claim for overtime pay, minimum wage, and all other claims by Lemus against the Defendants;

NOW, THEREFORE, in consideration of the mutual covenants contained herein, the parties agree as follows:

1.  **Settlement of the Action**

The parties agree that subject to the terms of paragraph 2 below, the Action shall be dismissed upon the signature of Honorable Magistrate Judge Michael Dolinger on the Stipulation and Order of Settlement and Dismissal in the form annexed hereto. The Stipulation and Order of Settlement and Dismissal shall be executed contemporaneously with this Agreement by Plaintiff and shall be filed with the court by Plaintiff's counsel.

2.  **Payment To Lemus**

a. Defendants will pay the sum of forty thousand dollars ($40,000.00) (the "settlement sum") to Lemus within fifteen business days following the later of (i) the full execution of this Agreement, and (ii) the receipt by Defendants' counsel of the Stipulation and Order of Settlement and Dismissal signed by Magistrate Judge Dolinger.

b. In the event Defendants fails to pay the settlement sum within the time frame required in paragraph 2(a), Defendants consent to the vacatur of the dismissal and restoration of this matter to the District Court calendar for all purposes. In the event Lemus moves the District Court for such vacatur and restoration after a failure by Defendants to make a timely settlement payment, Defendants shall join in and support the motion to vacate and restore the matter to the District Court calendar.

c. Lemus agrees that upon full payment of the settlement sum, such full payment shall satisfy any and all claims, including without limitation claims for wages, liquidated damages, and attorneys' fees. that were, are, or could have been made by Lemus against any and all of the Defendants.

3.   **Mutual Releases**

a. Lemus, for and in consideration of full payment of the settlement described herein, hereby for himself, his family and heirs, executors and administrators, releases and forever discharges Defendants, their corporate affiliates, divisions, subsidiaries, successors and assigns, and any current or former officer, director, shareholder, employee, agent, and attorney thereof (individually and collectively, the "Releasees"), from any and all manner of action, claims, suits, causes of action, debts, sums of money, contracts, controversies, agreements, promises, damages, judgments and demands whatsoever, in law or in equity (all hereinafter "claims"), known or unknown, fixed or contingent, suspected or asserted, which against the Releasees Lemus ever had or now has by reason of any matter, cause or thing whatsoever, including without limitation any claims arising from or relating to his performance of services for the Defendants; the way in which he was paid in connection with his performance of services for Defendants; and/or anything done or said during the course of the Action or the negotiation of this Agreement, including claims arising out of costs, expenses, and fees, including attorneys' fees, in connection with these matters.

b. Defendants hereby release and discharge Lemus and his successors and assigns from any and all claims of every kind, whether known or unknown, based upon any fact or matter occurring prior to Defendants' execution of this stipulation. This general release extends to all claims including, but not limited to, all claims under common law, statute, regulation, or ordinance. The parties intend this release of claims to be broadly construed so as to resolve any and all disputes arising out of Lemus's association with the Defendants. If Defendants commence any legal action in violation of this paragraph, Plaintiff shall be entitled to assert this stipulation as a bar to such action.

4.   **Disclaimer Of Liability**

By entering into this Agreement, the Defendants do not admit any liability or wrongdoing whatsoever, and expressly deny the same; it is expressly understood and agreed that this Agreement is being entered into by the parties solely for the purpose of settling all of Lemus's claims against the Releasees.

5.   **Confidentiality and Non-disclosure Agreement**

a. Lemus agrees that, provided full payment is made of the settlement sum as required by paragraph 2, he will not disclose the fact or terms of this Agreement to any person except as permitted below. This agreement as to confidentiality shall be enforceable in any court of competent jurisdiction. This provision shall not apply to any disclosure made by Lemus to members of his immediate family, his attorneys, tax advisors, or under compulsion of legal process or as otherwise required by law. Lemus agrees to instruct any person or entity to whom any disclosure is made under this paragraph to maintain the strict confidentiality thereof.

b. Lemus agrees that, provided full payment is made of the settlement sum as required by paragraph 2, he will not voluntarily discuss with any current or former employee of Defendants or with any attorney or representative thereof, his wage claims against Defendants, or any claims that such current or former employee has or may want to bring against Defendants, except pursuant to subpoena or other legal process.

c. The parties agree that they shall provide notices of all requests and demands for disclosure to their counsel in writing, served by personal hand delivery or fax, within five (5) days of receipt of such requests or demands.

6.   **Neutral Reference**

Defendants agree that in response to any inquiries regarding Lemus's association with Defendants, they will respond by stating only that Lemus was an employee of the car wash at 235 Tenth Avenue in Manhattan from about 1998 to December 2005.

7. **General Provisions**

a. This is the parties' entire agreement and it may not be modified except by a mutually signed written agreement. This Agreement shall be construed and enforced in accordance with the laws of the State of New York.

b. Lemus acknowledges the following: (i) he has been read and fully understands the terms of this Agreement; (ii) he has been advised in writing to discuss this Agreement with his attorney, and has had the opportunity to do so; (iii) he has agreed to this Agreement knowingly and voluntarily and was not subjected to any undue influence in agreeing to its terms; and (iv) he was given a reasonable period of time during which to consider this Agreement.

c. Defendants (through the signatories below) acknowledge the following: (i) each has read and fully understands the terms of this Agreement; (ii) he has been advised in writing to discuss this Agreement with his attorney, and has had the opportunity to do so; (iii) he has agreed to this Agreement knowingly and voluntarily and was not subjected to any undue influence in agreeing to its terms; and (iv) he was given a reasonable period of time during which to consider this Agreement.

d. Lemus acknowledges that upon receipt of full payment of the settlement sum, he will have been paid and received all compensation, wages, bonuses, commissions and/or benefits due to him from the Defendants.

e. The terms and provisions of this Agreement are acknowledged by the parties to be required for the reasonable protection of the other. If any of the provisions, terms, clauses, or waivers or releases of claims or rights contained in this Agreement are declared unlawful, unenforceable, or ineffective in a legal forum of competent jurisdiction, then such provisions, terms, clauses, or waivers or releases of claims or rights shall be deemed severable, such that all other provisions, terms, clauses, and waivers and releases of claims or rights contained in this Agreement shall remain valid and binding upon the parties.

f. In addition to any other remedy set forth herein, if any party fails to perform an obligation under this Agreement, a cause of action for the enforcement of such obligation may be deemed to arise within the jurisdiction of the Supreme Court of the State of New York, County of New York, and in addition within the jurisdiction of any other court of competent subject matter jurisdiction where personal jurisdiction over such party may be exercised.

_____    03/13/09
DOMINGO LEMUS                                Date

MANHATTAN CAR WASH, INC.

By: _____    02/17/2009
   MYUNG S. HAN                            Date


_____    _____
JONAH PARK                                   Date


_____    3/12/09
YOUN DONG LEE                                Date



The Legal Aid Society Civil Practice, Law Reform Unit
199 Water Street
New York, NY 10038
T (212) 577-3300
www.legal-aid.org

Direct Dial: (212) 577-3325
Direct Fax: (646) 616-9414
E-mail: SRosenberg@legal-aid.org

Theodore A. Levine
*President*

Steven Banks
*Attorney-in-Chief*

Adriene L. Holder
*Attorney-in-Charge*
Civil Practice

Scott Rosenberg
*Attorney-in-Charge*
Law Reform

**DATE:** May 18, 2009

**FROM:** Scott A. Rosenberg

**Fax:** (646) 616-9414

**Re:** Lemus v. Manhattan Car Wash, Inc., et al.
06 CV 15486 (MHD)

**TO:**

| Name | Firm | Phone Number | Fax Number |
|---|---|---|---|
| Honorable Michael H. Dolinger | United States District Court | 212-805-0204 | 212-805-7928 |
| James K. Greenberg | | | 212-545-7406 |
| Keith Andrew Reinfeld | | | 973-992-9125 |
| Danbee Kim | | | 646-349-1732 |

**Comments:**

**This is page 1 of 18 total pages (including this cover sheet).**

If there is a problem with faxing, call 212-577-3325.

**CONFIDENTIALITY NOTE:** This facsimile is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this facsimile or the information herein by anyone other than the intended recipient is prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the facsimile by mail.