UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |  |
|---|---|
| DOMINGO LEMUS, <br><br> Plaintiff, <br><br> -against- <br><br> **MANHATTAN CAR WASH, INC**., doing business as Manhattan Car Wash, **TENTH AVENUE BRUSHLESS CAR WASH, JONAH PARK**, individually and doing business as Tenth Avenue Brushless Car Wash and Manhattan Car Wash, and **YOUN DONG LEE**, individually and doing business as Tenth Avenue Brushless Car Wash and Manhattan Car Wash, <br><br> Defendants. | 06 Civ. 15486 (MHD) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO FILE A SUPPLEMENTAL COMPLAINT AND FOR A DEFAULT JUDGMENT AGAINST DEFENDANT JONAH PARK**

THE LEGAL AID SOCIETY
Steven Banks, Attorney-in-Chief
Scott A. Rosenberg, Attorney-in-Charge,
   Law Reform, Civil Practice
Richard Blum, of Counsel
199 Water Street
New York, New York 10038
212-577-3325

                          Attorneys for Plaintiff

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT .....................................................................................................1

STATEMENT OF FACTS ..............................................................................................................2

ARGUMENT ...................................................................................................................................4

POINT I

THE COURT HAS SUBJECT MATTER JURISDICTION TO
ENFORCE THE SETTLEMENT AGREEMENT ..........................................................................4

POINT II

THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO FILE A
SUPPLEMENTAL PLEADING ASSERTING A CLAIM UNDER THE
SETTLEMENT AGREEMENT .....................................................................................................6

POINT III

PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT AGAINST
DEFENDANT PARK ON THE ORIGINAL COMPLAINT SHOULD BE
GRANTED ....................................................................................................................................10

A.     A Judgment of Default Against Defendant Park Should Be Granted
As A Sanction Under Rule 37(b)(2)(A)(vi) ................................................................10

B.     Calculation of Damages Against Defendant Park .......................................................12

    1.     Statute of limitations for FLSA claims ...........................................................12

    2.     Liquidated damages under the New York Labor Law ....................................13

    3.     Award of liquidated damages under both FLSA and the
        New York Labor Law .....................................................................................14

    4.     Calculation of unpaid overtime under FLSA ..................................................14

CONCLUSION ..............................................................................................................................15

# TABLE OF AUTHORITIES

Page

**Cases**

*Beirne v. Fitch Sanitarium, Inc.*, 167 F. Supp. 652 (S.D.N.Y. 1958) ................................................. 8

*Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001) ........................................................................ 5

*Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357 (2d Cir. 1991) ........................................ 11

*Day v. McDonough*, 547 U.S. 198 (2006) ........................................................................................ 13

*Handwerker v. AT & T Corp.*, 211 F.R.D. 203 (S.D.N.Y. 2002) ..................................................... 11

*Herrick Company, Inc. v. SCS Communications, Inc.*, 251 F.3d 315 (2d Cir. 2001) ...................... 5

*Ingalls Iron Works Co. v. Ingalls*, 177 F. Supp. 151, (D. Ala. 1959), *aff'd*, 280 F.2d 453 (5th Cir. 1960) .......................................................................................................... 9

*Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240 (S.D.N.Y. 2008) ....................................................... 14

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994) ............................... 1, 4-7, 9

*McKenzie v. Boorhem*, 117 F. Supp. 433 (D. Ark. 1954) ................................................................. 8

*Quaratino v. Tiffany & Co.*, 71 F.3d 58 (2d Cir. 1995) ............................................................... 8, 10

*Scelsa v. City University of New York*, 76 F.3d 37 (2d Cir. 1996) ................................................... 5

*Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67 (2d Cir. 1988) ................................................. 10

**Statutes and Regulations**

Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ....................................................................... 12

29 U.S.C. § 207(a) ............................................................................................................................. 14

29 U.S.C. § 255(a) ............................................................................................................................. 12

N.Y. Labor Law §§ 198.1-a and 663 ................................................................................................ 13

29 C.F.R. § 778.5 ............................................................................................................................... 14

**Court Rules**

Fed. R. Civ. P. 8(c)(1) ................................................................................................................. 12-13

Fed. R. Civ. P. 12(b) ................................................................................................................... 12-13

# TABLE OF AUTHORITIES

**Page**

Fed. R. Civ. P. 15(d) ................................................................................................. 1, 8-9, 15

Fed. R. Civ. P. 37(b)(2)(A)(vi), ...................................................................................2, 10, 15

Fed. R. Civ. P. 41(a)(1)(ii) ....................................................................................................5

Fed. R. Civ. P. 41(a)(2).........................................................................................................5

**Other Authorities**

C. Wright, A. Miller, & M. Kane, 6A Fed. Prac. & Proc. Civ. 2d § 1504 .......................8

**PRELIMINARY STATEMENT**

This is an action for unpaid wages and overtime under the Fair Labor Standards Act and the New York Labor Law. In November 2008, defendant Jonah Park failed to appear at a scheduled deposition in direct violation of a prior order requiring him to appear. This Court subsequently ordered that "Plaintiff may move at any time for a default judgment against defendant Park." Before it became necessary to make such a motion, the parties signed a settlement agreement calling for payment of $40,000.00 to plaintiff Domingo Lemus. Although two of the defendants (Youn Dong Lee and Manhattan Car Wash, Inc.) have made payments totaling $20,000.00 under the agreement, defendant Park has defaulted on his obligation to do so.

The settlement agreement provides that upon the defendants' failure to comply, plaintiff may move to restore the case to the Court's calendar for all purposes. It further provides that in addition to that remedy, a cause of action for enforcement of the agreement is deemed to arise in any court of competent jurisdiction. At a court appearance on May 19, 2009, this Court vacated the dismissal of the action and restored the case to the Court's calendar.

Plaintiff now moves for permission to file a supplemental pleading asserting a claim seeking the unpaid balance due under the settlement agreement, and for a default judgment under the original complaint seeking the full measure of damages against defendant Park. This brief addresses three issues. First, it explains the legal basis for the Court's exercise of subject matter jurisdiction to enforce the settlement agreement. As explained below, this is permissible under the Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), because the order of dismissal incorporated the settlement agreement by reference.

Second, because the settlement agreement permits plaintiff to seek to enforce the agreement and to seek additional damages at trial, plaintiff requests permission to file a supplemental pleading under Fed. R. Civ. P. 15(d) seeking both forms of relief. This brief

1

demonstrates that permission to file a supplemental pleading should be granted.  Additionally, it responds to an anticipated contention by defendant Youn Dong Lee that the settlement agreement should be vacated because the action has been restored to the Court's calendar.  As noted, the agreement permits the plaintiff to restore the action and simultaneously to enforce the settlement agreement.

Third, pursuant to permission previously granted by the Court, plaintiff moves pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi) for a judgment of default on the original complaint against defendant Jonah Park for the full amount of damages asserted in the original complaint.  This brief demonstrates that a judgment of default against defendant Park should be granted.  It also addresses certain legal issues that arise concerning the calculation of damages against Mr. Park.

## STATEMENT OF FACTS

The relevant facts are set forth in the accompanying declarations of Domingo Lemus and Scott A. Rosenberg.  In brief, Mr. Lemus worked at defendant Manhattan Car Wash, Inc. from 1998 until his employment was terminated in December 2005.  (Lemus Decl., May 28, 2009, ¶¶ 3, 8.)  In or about November 2000, defendants Park and Lee announced to employees of the car wash that they had purchased the car wash.  (*Id*. ¶ 4.)  Mr. Lemus was told he would be paid $4.00 per hour for work six days per week from 6 a.m. to 6 p.m., amounting to 72 hours of work per week at $4 per hour ($288 per week).  (*Id*. ¶¶ 10-11.)  In depositions, defendants conceded that Mr. Lemus was scheduled to work from 6 a.m. to 6 p.m., 12 hours per day six days per week, and that they paid him $4.00 per hour.  (Rosenberg Decl., ¶ 3.)

Mr. Lemus generally received $288 per week in cash with no pay stubs or receipts, in an envelope with the total amount written on it.  A very few times he received $240 instead of $288, for five days of work instead of six.  (Lemus Decl., ¶ 12.)  He received no additional compensa-

tion for overtime worked. He had no paid vacation days off, worked holidays, and had no paid sick days. (*Id*. ¶ 13.)

On November 7, 2008, this Court ordered defendant Jonah Park to appear for a deposition at the offices of The Legal Aid Society on November 17, 2008. After counsel for Mr. Park notified the Society that Mr. Park would not attend the deposition he had been ordered to attend, plaintiff sought permission of the Court to move for a default judgment against Mr. Park. By order entered on November 18, 2008, this Court ordered that "Plaintiff may move at any time for a default judgment against defendant Park." (Rosenberg Decl., ¶ 8 & Exh. B.)

It appeared that a motion for a default judgment against Mr. Park would be unnecessary. On February 17, 2009, all parties (including Mr. Park) signed a Stipulation and Order of Settlement and Dismissal, stipulating that the action would be dismissed pursuant to "the terms of the parties' settlement agreement *which are incorporated into this Order by reference*" (emphasis added). The Court so-ordered the Stipulation and Order of Settlement and Dismissal on February 19, 2009. (Rosenberg Decl., ¶ 9.) Paragraph 2(a) of the Settlement Agreement required defendants to pay $40,000.00 to Mr. Lemus; the final date for payment expired on April 6, 2009. (*Id*. ¶ 11.)

On or before April 6, Mr. Lemus received two payments from defendants in the amount of $14,000 and $6,000 on behalf of defendants Lee and Manhattan Car Wash, respectively. No payment, however, has been received from defendant Park, and no additional payments have been received from defendants Lee and Manhattan Car Wash. To date, defendants have paid only $20,000.00 of the $40,000.00 due under the Settlement Agreement. (Lemus Decl., ¶ 16.)

In the event of default, the Settlement Agreement provides two forms of relief. First, ¶ 2(b) provide that the defendants consent to vacatur of the dismissal and restoration of the action

3

to the district court calendar "for all purposes."  Defendants are required to join in and support such a motion.  (Rosenberg Decl., ¶ 13.)  Second, under ¶ 7(f), "[i]n addition to any other remedy set forth herein," if any party fails to perform an obligation under the agreement, a cause of action for enforcement of the obligation arises "within the jurisdiction of any . . . court of competent subject matter jurisdiction."  (*Id*. ¶ 14.)

On May 19, 2009, pursuant to ¶ 2(b) of the agreement, this Court vacated the dismissal of the action and ordered the case restored to the Court's calendar.  (*Id*. ¶ 13.)

## ARGUMENT

## POINT I

### THE COURT HAS SUBJECT MATTER JURISDICTION TO ENFORCE THE SETTLEMENT AGREEMENT

The Court has subject matter jurisdiction to enforce the settlement agreement.  The leading case on the district court's power to enforce a settlement agreement following dismissal of the action is the Supreme Court's decision in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).  Under *Kokkonen*, enforcement of the agreement is permissible because this Court's order of dismissal incorporated the parties' settlement agreement by reference.

In *Kokkonen*, the defendant terminated an agency agreement with the plaintiff.  After the plaintiff brought suit in California Superior Court alleging various state-law claims, defendant removed the case to federal district court on the basis of diversity jurisdiction.  After closing arguments, the parties reached an oral settlement agreement, the substance of which they recited on the record.  The parties executed, and the court so-ordered, a Stipulation and Order of Dismissal with Prejudice.  "The Stipulation and Order did not reserve jurisdiction in the District Court to enforce the settlement agreement; indeed, it did not so much as refer to the settlement agreement."  *Id*. at 376-77.

The Supreme Court held that neither Rule 41(a)(1)(ii) "nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation." Emphasizing that "what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal," the Court held: "Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id*. at 378.

In a significant passage clarifying its holding, the Court noted:

> If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), . . . the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) . . . *we think the court is authorized to embody the settlement contract in its dismissal order* or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Id*. at 381-82 (emphasis added); *see also Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 604 n.7 (2001) ("federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal"); *Herrick Company, Inc. v. SCS Communications, Inc.*, 251 F.3d 315, 327 (2d Cir. 2001); *Scelsa v. City University of New York*, 76 F.3d 37, 40-41 (2d Cir. 1996).

In summary, under *Kokkonen*, the district court has jurisdiction to enforce a settlement agreement following entry of an order dismissing the action if the court "made the agreement

5

part of its order of dismissal"; or if the court has "manifested an intent to retain jurisdiction." *Scelsa*, 76 F.3d at 41. This case falls within the exception discussed in *Kokkonen* and *Buckhannon* for orders that incorporate a settlement agreement in the court's dismissal order. As noted, the Supreme Court held in *Kokkonen* that the parties may "provide for the court's enforcement of a dismissal-producing settlement agreement" by "embody[ing] the settlement contract in [the court's] dismissal order . . . ." 511 U.S at 381-82. Under the terms of the Stipulation and Order of Settlement and Dismissal in this case, the action was dismissed pursuant to "the terms of the parties' settlement agreement *which are incorporated into this Order by reference*." (Rosenberg Decl., ¶ 9 & Exh. C) (emphasis added). Since the settlement agreement is expressly "incorporated into this Order by reference," the terms of the agreement are embodied in the dismissal order. *Kokkonen* holds that this provides sufficient jurisdictional basis to enforce the agreement.

## POINT II

### THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO FILE A SUPPLEMENTAL PLEADING ASSERTING A CLAIM UNDER THE SETTLEMENT AGREEMENT

A key feature of the settlement agreement is the provision in ¶ 7(f) that applies "*[i]n addition to any other remedy set forth herein*" if any party fails to perform an obligation under the agreement (emphasis added). Under this paragraph, "a cause of action for the enforcement of such obligation is deemed to arise within the jurisdiction of the" New York courts "and in addition within the jurisdiction of any other court of competent subject matter jurisdiction where personal jurisdiction over such party may be exercised." (Rosenberg Decl., ¶ 14.)

The "other remedy" to which ¶ 7(f) refers is prescribed in ¶ 2(b), which requires defendants to consent to any motion to vacate the dismissal and restore the case to the Court's calen-

6

dar for all purposes if defendants fail to pay the settlement sum within the required time frame. Therefore, the agreement expressly provides for two independent remedies in the event of non-compliance with the agreement: (1) the right to restore the matter to this Court's calendar for all purposes; and (2) independently, the right to enforce the settlement agreement in any court of competent jurisdiction.

As explained above, under *Kokkonen*, this Court is such a court of competent jurisdiction. Accordingly, the agreement authorizes the plaintiff to restore the case for all purposes (including for trial) and simultaneously to seek an order enforcing the agreement.

This dual right to restore the matter for trial and simultaneously seek enforcement of the agreement is a critical feature for which the plaintiff bargained. Without this provision, defendants could unilaterally vitiate the settlement by reneging on their obligation to pay the settlement sum. If, upon restoring the matter for trial, the agreement were to dissolve, then the agreement would prove to be entirely illusory. The agreement should not be construed so as to permit the defendants unilaterally to abrogate it simply by choosing to violate it.

This reasoning explains why the Court must reject defendant Yong Dong Lee's anticipated contention that the settlement agreement should be vacated if the matter is restored. Paragraph 7(f) of the agreement contradicts this position. It provides that the agreement shall not be vacated if the matter is restored; instead, the agreement is independently enforceable in any court of competent jurisdiction "*[i]n addition to any other remedy set forth herein*." Defendant Lee's argument would read the phrase "[i]n addition to any other remedy set forth herein" out of the agreement.

Since the plaintiff has the option of both restoring the matter for trial and simultaneously seeking enforcement of the agreement, the Court should permit plaintiff to file a supplemental

pleading seeking enforcement of the settlement agreement. Rule 15(d) of the Federal Rules of Civil Procedure authorizes the Court to permit a party to file a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."[1] "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995).

The courts have long held that a motion may be entertained to enforce a settlement agreement executed after the filing of the complaint, sometimes without express reference to Rule 15(d). An early example appears in *McKenzie v. Boorhem*, 117 F. Supp. 433 (D. Ark. 1954), in which a settlement was reached requiring the plaintiff to pay the defendant $3,400 and dismiss the suit with prejudice, in exchange for which the defendant was to transfer the 30 shares of stock to the plaintiff. Although the plaintiff tendered $3,400, the defendant refused to transfer the shares of stock. The plaintiff then made a motion for judgment in accordance with the settlement agreement; finding the agreement binding and enforceable, the court granted the motion. *Id*. at 434-36.[2]

Likewise, in *Beirne v. Fitch Sanitarium, Inc.*, 167 F. Supp. 652 (S.D.N.Y. 1958), the parties entered into a written stipulation of settlement shortly before trial calling for aggregate payments by defendants to the plaintiffs of $44,000. One defendant, Dr. Maraventano, agreed to

---

[1] Unlike amended pleadings, which "relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading," supplemental pleadings "deal with events subsequent to the pleading to be altered and merely represent additions to or continuations of the earlier pleadings." C. Wright, A. Miller, & M. Kane, 6A Fed. Prac. & Proc. Civ. 2d § 1504.

[2] The decision in *McKenzie*, like the other cases cited in this discussion of Rule 15(d), pre-dated the Supreme Court's decision in *Kokkonen*. Today, they would be subject to *Kokkonen's* requirement that the order of dismissal must incorporate the settlement agreement by reference or retain jurisdiction to enforce it. These cases are cited here for the proposition that Rule 15(d) authorizes the filing of supplemental pleading seeking enforcement of a settlement agreement.

pay $10,500. All defendants except Dr. Maraventano made the payments prescribed in the stipulation; Maraventano, however, refused to do so.[3] Plaintiffs then moved for entry of a judgment against Maraventano. Finding the settlement agreement against Maraventano enforceable, the court severed the action against him and granted a judgment effectuating the stipulation of settlement. *Id*. at 654.

In *Ingalls Iron Works Co. v. Ingalls*, 177 F. Supp. 151, (D. Ala. 1959), *aff'd*, 280 F.2d 453 (5th Cir. 1960), the court held that Rule 15(d) authorizes the procedure used in these cases to entertain a motion to enforce a settlement agreement. In *Ingalls*, a written agreement of settlement had been entered into in open court between the parties. The court held that Rule 15(d) confers power to allow a supplemental pleading seeking enforcement of the settlement. *Id*. at 154. The court observed: "Without doubt the procedure adopted here is a sound and necessary one for expediting the end of litigation. If parties to a settlement were relegated to any independent formal proceeding for the specific enforcement of the contract, the ending of the litigation would indeed be prolonged instead of facilitated, with two suits instead of one, especially if under the venue or jurisdiction rules obtaining under particular circumstances two forums were involved, State or Federal." *Id*. at 156.

In sum, so long as the requirements of *Kokkonen* are satisfied, there is ample authority for permitting a party to supplement a pleading under Rule 15(d) to assert a violation of a settlement agreement executed after the filing of the complaint. Further, there certainly has been no "undue delay, bad faith, dilatory tactics, [or] undue prejudice to the party to be served with the proposed

---

[3] The court noted that despite repeated demands upon Maraventano and his attorney for payment in accordance with the stipulation, "attempts to communicate with Maraventano have apparently been fruitless. He has allegedly concealed himself in his home and refuses to respond either to phone calls or to personal visits by plaintiffs' attorney." *Id*. at 653.

9

pleading." *Quaratino*, 71 F.3d at 66.  Accordingly, plaintiff's motion to file a supplemental pleading seeking enforcement of the settlement agreement should be granted.

## POINT III

### PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT AGAINST DEFENDANT PARK ON THE ORIGINAL COMPLAINT SHOULD BE GRANTED

**A.  A Judgment of Default Against Defendant Park Should Be Granted As A Sanction Under Rule 37(b)(2)(A)(vi)**

The final branch of this motion seeks a default judgment against defendant Jonah Park on the original complaint, as this Court permitted in its order entered on November 18, 2008. (Rosenberg Decl., ¶ 8.)  Fed. R. Civ. P. 37(b)(2)(A)(vi) provides that if a party fails to obey an order to provide or permit discovery, including an order under Rule 37(a), then the court may issue an order "rendering a default judgment against the disobedient party."  On November 7, 2008, this Court ordered defendant Park to appear for a deposition at the offices of The Legal Aid Society on November 17, 2008 (Docket Entry No. 28).  (Rosenberg Decl., ¶ 8.)  In contravention of that order, he failed to do so.  Since the matter has been restored to the Court's calendar, and since Park failed to comply with the Court's explicit order to appear for his scheduled deposition, the Court should enter a default judgment against him.

Disciplinary sanctions under Rule 37 are intended to serve three purposes: "First, they ensure that a party will not benefit from its own failure to comply.  Second, they are specific deterrents and seek to obtain compliance with the particular order issued.  Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988).

This Court "has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2)." *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991). The Second Circuit has cautioned that the discovery provisions of the Federal Rules "are 'designed to achieve disclosure of all the evidence relevant to the merits of a controversy'" and intended to ensure "that this disclosure of evidence proceed at the initiative of the parties, free from the time-consuming and costly process of court intervention." "When a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate." *Id*.

Factors relevant to the Court's exercise of its broad discretion to order sanctions under Rule 37 include: "(1) the willfulness of the non-compliant party or the reason for the non-compliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance, and (5) whether the non-compliant party had been warned of the consequences of his non-compliance." *Handwerker v. AT & T Corp*., 211 F.R.D. 203, 208 (S.D.N.Y. 2002). These factors counsel in favor of the entry of a default judgment.

First, Mr. Park flouted the Court's order to appear at his scheduled deposition. No excuse for his violation of this Court's direct order was offered, and no alternative date was proposed. (Rosenberg Decl., ¶ 8.) The action was clearly willful and without legitimate excuse. Park's willingness to flout the Court's orders is further demonstrated by his defiance of his obligation to make payment under the settlement agreement. That defiance likewise violates a Court order, since the agreement is incorporated by reference in this Court's order of dismissal. Additionally, Park was warned that his non-compliance could result in the entry of a default judgment, since the Court issued an order to that effect on November 18, 2008 (*id*.), yet he did not cure the default.

Second, the entry of lesser sanctions would be ineffective. This is not a case where more narrowly tailored sanctions precluding the use of particular documents or barring the assertion of particular defenses could be effective. Park has subverted plaintiff's ability to discover all facts within his personal knowledge by refusing to submit to a deposition. Further, he has apparently absconded. His own attorney acknowledges that "I have no idea where he is right now." (*Id*. ¶ 15.) Even if the case were to proceed to trial, plaintiff would be unable to examine him as an adverse witness.

Finally, Park has prejudiced his own co-defendants by absconding and rendering them liable in his stead for their joint obligations to Mr. Lemus. Further, he has caused additional expense and effort to all parties in necessitating the restoration of this action. For all these reasons, a judgment of default against Mr. Park is appropriate at this time.

### B. Calculation of Damages Against Defendant Park

The methodology used to calculate the damages that the Court should award against defendant Park is explained in detail in the Rosenberg Decl., ¶¶ 15-29. Only a few legal issues require discussion.

#### 1. Statute of limitations for FLSA claims

First, the statute of limitations for damage claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, is two years after the cause of action accrued, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). However, under Fed. R. Civ. P. 8(c)(1), the statute of limitations is an affirmative defense that must be affirmatively stated in responding to a pleading. "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). Thus, it is well-established that "[u]nder the Civil Procedure Rules, a defendant forfeits a statute of limitations defense, see Fed. Rule Civ. Proc.

8(c), not asserted in its answer, see Rule 12(b), or an amendment thereto, see Rule 15(a)." *Day v. McDonough*, 547 U.S. 198, 207-08 (2006).

Defendant Park has forfeited any statute of limitations defense by failing to assert it in his responsive pleading, as required by Rules 8(c)(1) and 12(b). Mr. Park answered the complaint by filing a stipulation (Docket Entry No. 14) providing that "the Answer served and filed on behalf of defendant Manhattan Car Wash, Inc., is hereby deemed to be served and filed on behalf of defendant Jonah Park." The Answer filed by defendant Manhattan Car Wash, in turn (Docket Entry No. 5), asserted no statute of limitations defense. (Rosenberg Decl., ¶ 28.) Accordingly, defendant Park waived any statute of limitations defense. Damages under the FLSA against Mr. Park are therefore computed for the full period from December 27, 2000 until December 14, 2005.

### 2. Liquidated damages under the New York Labor Law

Pursuant to N.Y. Labor Law §§ 198.1-a and 663, an employer who willfully fails to pay wages and overtime required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to 25 percent of the total of such under-payments found to be due him. There is ample evidence that defendant Park willfully failed to pay minimum wages and overtime required by the Minimum Wage Act. For example, as noted above, defendants' employees admitted in depositions that Mr. Lemus was scheduled to work 12 hours per day, six days per week (72 hours per week), and that they paid him $4.00 per hour. (Rosenberg Decl., ¶ 3.) Obviously, defendants did not intend to, and did not, pay him for substantial amounts of overtime. Therefore, liquidated damages should be awarded under the New York Labor Law.

### 3. Award of liquidated damages under both FLSA and the New York Labor Law

In *Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 261-62 (S.D.N.Y. 2008), this Court held that the plaintiff may recover "two awards of liquidated damages, one under federal law and the other under New York law." 595 F. Supp. 2d at 261 ("Since the two awards serve different purposes, plaintiffs may recover both"). Accordingly, liquidated damages under both statutes are sought here.

### 4. Calculation of unpaid overtime under FLSA

Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that no employer engaged in commerce shall employ an employee for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of 40 hours "at a rate not less than one and one-half times the *regular rate* at which he is employed" (emphasis added). The term "regular rate" is a term of art that the Department of Labor has interpreted by regulation. Where the state minimum wage is greater than the federal minimum wage, the "regular rate of the employee cannot be lower than such applicable minimum" under state law. 29 C.F.R. § 778.5. In short, in computing unpaid overtime, the Department of Labor requires the use of the state minimum wage if greater than the federal minimum wage.

This rule applies to Mr. Lemus during the period from January 1, 2005 until his employment was terminated in December 2005. During that period, the New York State minimum wage of $6.00 per hour exceeded the federal minimum wage of $5.15 per hour. In computing unpaid overtime for this period, the higher minimum wage of $6.00 is used; the overtime rate is therefore one and one-half times $6.00, or $9.00 per hour.

14

# CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court grant his motion (a) for permission, pursuant to Fed. R. Civ. P. 15(d), to file a supplemental complaint; and (b) for a default judgment, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi), against defendant Jonah Park on the original complaint for unpaid minimum wages, overtime wages, other wages, and liquidated damages in the amount of $113,264.36, less $20,000.00 that has been paid by the non-defaulting defendants, plus attorney's fees, costs, and expenses.

Dated:   New York, New York
         May 29, 2009

Respectfully submitted,

_____/s/  Scott A. Rosenberg_____

THE LEGAL AID SOCIETY
Steven Banks, Attorney-in-Chief
Scott A. Rosenberg, Attorney-in-Charge,
  Law Reform, Civil Practice (SAR-5579)
Richard Blum, of Counsel
199 Water Street
New York, New York 10038
212-577-3325

Attorneys for Plaintiffs