UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DOMINGO LEMUS,                      :
                                    :
                Plaintiff,          :     **MEMORANDUM & ORDER**
        -v-                         :
                                    :     06 Civ. 15486 (MHD)
MANHATTAN CAR WASH, INC., et al.,   :
                                    :
                Defendants.         :
------------------------------------x
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

*USDC SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #:*
*DATE FILED:*

Before the court are plaintiff's pending motions for default judgment. Plaintiff originally sought relief under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York State Labor Law, N.Y. Lab. L. § 650, et seq. (McKinney 2009), but ultimately settled with the defendants for the sum of $40,000. (Supp. Compl., Ex. B). Having receiving only $20,000, plaintiff sought default judgments against all of the defendants. His motion against defendants Lee and Manhattan Car Wash, Inc. ("MCW") was filed under Rule 55 and was based on their breach of the settlement agreement and sought only the unpaid $20,000. (Pl.'s Mot., May 28, 2010 ("Lee/MCW Mot.")). His motion against defendant Park, on the other hand, was filed under Rule 37, as it was ostensibly based on Park's failure to attend a deposition prior to settlement as well as his failure to contribute to the settlement sum and the fact that he had apparently left the state. (Pl.'s Mot., Apr. 30, 2010

("Park Mot.")). The Rule 37 motion sought to reinstate plaintiff's original claims.

On November 24, 2010, we issued an order on these motions, finding that all defendants were in default and that granting judgment against them would be appropriate, but that the doctrine of election of remedies prevented us from granting both motions. Lemus v. Manhattan Car Wash, Inc., 2010 WL 4968182, at *12 (Nov. 24, 2010). We therefore held plaintiff's pending motions for default judgment in abeyance to give him the opportunity to make an election of remedies in writing. Id.

Lemus has now made his election. By letter from his attorney, he has chosen "to pursue the motion for judgment of $20,000 plus interest against all defendants jointly and severally based on plaintiff's claim to enforce the settlement agreement." (Richard Blum, Esq., Letter to the Court, Dec. 6, 2010). For the reasons stated in our November 24 order, we grant plaintiff's motion for a default judgment against defendants Lee and MCW in the amount of $20,000.00, for which they are jointly and severally liable.

Plaintiff also states that he is "withdrawing the motion for a default judgment against defendant Park based on Park's failure

2

or refusal to participate in the litigation." (Id.). We therefore take plaintiff's statement that he elects to pursue his remaining motion "against all defendants" to constitute a request to amend his Rule 55 motion against Lee and MCW to include a request for default judgment against Park on plaintiff's claim for breach of the settlement agreement.

There is no question that Park is in default as to plaintiff's claim for breach of the settlement agreement. In determining whether to grant a motion for default judgment under Rule 55, "the court may consider numerous factors, including whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or are in doubt." O'Callaghan v. Sifre, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (quoting 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 2685 (3d ed. 1998)) (internal quotation marks and brackets omitted). We also consider "the same factors that apply to a motion to set aside entry of a default [under Rule 55(c)]: (1) whether the default was willful; (2) whether the plaintiffs would be prejudiced by the denial of the motion for default judgment; and (3) whether there are any meritorious defenses to plaintiff's claims." Id. (citing Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 170-71 (2d Cir. 2001)).

Additionally, the court may consider whether any "material issues of fact remain," the amount of money at issue, and "how harsh an effect a default judgment might have on the defendant." Group Merchandising Services, Inc. v. Ninna, Inc., 655 F.Supp.2d 177, 186 (E.D.N.Y. Aug. 27, 2009) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, §§ 2685, 2688 (3d ed. 1988).

To date, Park has not answered plaintiff's supplemental complaint, which set forth plaintiff's claim for breach of the settlement agreement and was deemed served on March 26, 2010. Lemus v. Manhattan Car Wash, Inc., 2010 WL 1372705, at *15 (S.D.N.Y. Mar. 26, 2010). Park has also failed to correct any of his earlier defaults, which were apparently willful and which we previously found would justify the entry of a default judgment against him. See Lemus, 2010 WL 4968182, at *5-*6. Park is thus in default as to plaintiff's claim that he breached the settlement agreement, but even if Park were actively participating in this case, it would be clear that he has breached the settlement agreement. He signed the original settlement agreement along with Lee and MCW (Supp. Compl., Ex. B at 8), and has since failed to contribute any payments towards the settlement sum. (Mem. of Law in Opp. To Pl.'s Mot. for

4

Ent. of Judg. by Def., June 14, 2010 at 1). As stated in our order of March 26, 2010, that agreement imposed joint and several liability for the full $40,000 on all three defendants, leaving each of them jointly and severally liable for the $20,000 shortfall. Lemus, 2010 WL 1372705, at *9. We can think of no meritorious defenses that Park could possibly present at this late date. We therefore grant plaintiff's motion for a default judgment against Park in the amount of $20,000.00, for which Park is jointly and severally liable with Lee and MCW.

By his original motion, Lemus requested prejudgment interest against the defendants. (Pl. Mem. of Law at 2-3). "Under New York law, 'prejudgment interest is normally recoverable as a matter of right in an action at law for breach of contract.'" Graham v. James, 144 F.3d 229, 239 (2d Cir. 1998) (quoting Adams v. Lindblad Travel, Inc., 730 F.2d 89, 93 (2d Cir. 1994)); see also N.Y. C.P.L.R. § 5001(a). Prejudgment interest is to be "computed from the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001(b). "The 'earliest possible date' in contract actions arises when the alleged breach occurred, regardless of the parties' state of mind or subsequent discussions." McNally Wellman Co., a Div. of Boliden Allis, Inc., v. New York State Elec. & Gas Corp., 63 F.3d 1188, 1200 (2d Cir. 1995) (citing Sobiech v. Int'l

5

Staple & Mach., 867 F.2d 778, 781 (2d Cir. 1989)). Here, the breach occurred when Lemus did not receive full payment as due under the settlement agreement -- April 6, 2009. See Lemus, 2010 WL 4968182, at *2 ("Full payment of the settlement sum was due by April 6, 2009"); see also Pl. Mem. of Law at 3. Lemus will therefore be awarded prejudgment interest on $20,000.00, accruing from the date April 6, 2009, and continuing to the date of entry of this judgment at the rate of nine percent per annum. See N.Y. C.P.L.R. § 5004 (awarding nine percent simple interest under New York law). The defendants are jointly and severally liable for this amount.

## CONCLUSION

For the reasons stated above, we find that all three defendants in this case are in default as a result of their breach of the settlement agreement, and are jointly and severally liable to plaintiff for the amount of $20,000.00 plus prejudgment interest. We hereby direct the Clerk of the Court to close this case and enter judgment against the defendants for $20,000.00 plus prejudgment interest, which we direct the Clerk to calculate at the rate of nine percent per annum simple interest accruing from April 6, 2009.

Dated: New York, New York
       December 9, 2010

SO ORDERED.

_____
MICHAEL H. DOLINGER
**UNITED STATES MAGISTRATE JUDGE**

Copies of the foregoing Order have been sent today to:

Christopher D. Lamb, Esq.
Scott Alan Rosenberg, Esq.
Richard Elliot Blum, Esq.
The Legal Aid Society (Civil Div. NYC)
199 Water Street, 3rd Floor
New York, NY 10038
(212) 577-3648
Fax: (212) 509-8753
Alt. Fax: (212) 509-8761

James K. Greenberg, Esq.
Greenberg, Greenberg & Guerrero, LLP
363 Seventh Avenue, Suite 400
New York, NY 10001
212-545-7337 x302
Fax: (212) 545-7406

Mark Edward Tabakman, Esq.
Keith Andrew Reinfeld, Esq.
Fox Rothschild, Attorneys at Law (NYC)
100 Park Avenue, Suite 1500
New York, NY 10017
973-994-7547
Fax: (973) 992-9125

Daniel D. Kim, Esq.
Daniel D. Kim, P.C.
194-02 Northern Blvd., Suite 208
Flushing, NY 11358
(718) 423-4800
Fax: (718) 423-4801

Danbee Kim, Esq.
Law Offices of Daniel Kim
170 Broadway, Suite 600
New York, NY 10038
(212)-643-0090
Fax: (646) 349-1732